UNITED STATES DISTRICT COURT

DISTRICT OF COLUMBIA

| | |
|---|---|
| IKEMEFUNA STEPHEN NWOYE,<br><br>Plaintiff,<br><br>v.<br><br>SIDLEY AUSTIN LLP<br><br>Defendant. | Civil Action No._____<br><br>Case: 1:25-cv-01360   JURY DEMAND<br>Assigned To : Moss, Randolph D.<br>Assign. Date : 5/5/2025<br>Description: Pro Se Gen. Civ. (F-DECK)<br><br>COMPLAINT |

## COMPLAINT FOR FALSE DESIGNATION OF ORIGIN AND UNFAIR COMPETITION

Plaintiff, Ikemefuna Stephen Nwoye, '*Pro se*', for and by his Complaint against Defendant Sidley Austin LLP (the "**Defendant**" or "**Sidley**") alleges as follows:

### PRELIMINARY STATEMENT

The Defendant contracted with the Plaintiff and another LL.M student from New York University/fellow Nigerian Qualified Legal Practitioner to work as Externs in the law firm's Africa-Asia Pro Bono Program. In addition to the Pro Bono Program, the Plaintiff worked on the Legal Framework for Land Tenure in some African Countries providing legal advisory services which amongst others covered titling or land registration system(s) in place, the government body that administers land titling and/or registration, applicable legal scheme and law, ownership and transfer of land etc.



RECEIVED

MAY 5 2025

Clerk, U.S. District & Bankruptcy
Courts for the District of Columbia

1

On a reasonable and legitimate business expectation basis, given the business goodwill associated with such an intangible asset, the Plaintiff is entitled to recognition for his intellectual inputs and efforts as a Nigerian Qualified Legal Practitioner/Extern in the Africa-Asia Pro Bono Program on all firm's publicity and advertisement documents including online platforms. The Plaintiff is also entitled to monetary compensation for the non-recognition and infringement of his intellectual property right due to the Defendant's 'false advertising' despite the enormous intellectual contributions to the Shea Butter and Sesame Seeds Industries in Nigeria[1] and for the legal advisory services rendered on the framework for land tenure in some African countries.

Pursuant to a Federal Statute (Lanham Act) *sui generis* causes of action, the Plaintiff seeks to make the Defendant stop any presently ongoing and any further acts or omissions that will infringe the Plaintiff's intellectual property and work products as a Nigerian qualified and licensed legal practitioner and falsely present them as belonging to the Defendant, and/or Attorney Neil Emanuel Horner or any other lawyer and ensure that the Plaintiff gets full and proper recognition for the legal work done and that he is paid full and adequate compensation as a result of the false advertising.

## PARTIES, JURISDICTION, AND VENUE

1. Plaintiff Ikemefuna Stephen Nwoye, is a Delta State born Nigerian citizen domiciled in Enugu State (State of Origin). He is a lawful resident alien of the United States of America and his address is at -

    **Ikemefuna Stephen Nwoye**

    **NWOYE (Barristers & Solicitors)**

---

[1] Nigeria's shea nut exports were valued at 176.33 million USD, while that of sesame seeds exports grew from N73.8 billion in 2014 to N1 trillion in 2024. Both cash crops are most sought after by the pharmaceutical, cosmetic, food and beverage industries. Sidley Austin's International Trade Practice and Global Finance Practice have been and remain active in these important sectors in Nigeria, Ghana and several other countries in Africa and Asia.

       Venia Place – 8 Providence Street

       Lekki Phase 1

       Lagos State

       Nigeria

       **United States of America Address (within the Jurisdiction)**

       1802 Vernon Street #2373 NW

       Washington D.C 20009

       +1 (929) 223 6471

       ikemefunaSnwoye@nigerianbar.ng

       i.stephennwoye@gmail.com

2. The Plaintiff qualified and was licensed to practice Nigerian law as a Barrister and solicitor of the Supreme Court of Nigeria and enrolled at **SCN080679** in the Roll of Nigerian Legal Practitioners. In 2014, he obtained his Master of Laws (LLM) Degree in International Business Regulation, Litigation and Arbitration (IBLRA) from New York University. In 2023, he obtained an Exec.Ed Certificate in Business Excellence (CiBE) in Finance and Accounting for the Non-financial Professionals (Online) from Columbia Business School, New York City. In September 2024, the Plaintiff became FINRA certified after sitting for and passing the Financial Industry Regulatory Authority (FINRA) Securities Industry Essential Examination (SIE). He is currently approved and designated to act as a FINRA Arbitrator in capital market disputes.

3. The Defendant is an American multinational law firm registered as a Limited Liability Partnership with its firm's headquarters at One South Dearborn in Chicago's Loop, Chicago, Illinois, 60603, United States of America with a strategic office, substantial business presence and activities in the District of Columbia at 1501 K Street NW #600, Washington D.C 20005 and 21 other major cities around the world.

**Messrs. Sidley Austin LLP**

1 South Dearborn

Chicago, Illinois 60603

+1 312 853 7000

**Washington, D.C. Office**

1501 K Street, NW #600

Washington D.C 20005

+1 202 736 8000

4. This civil action is based on Section 43(a) of the Lanham Act, 15 U.S.C § 1125(a) and (c) and the independent cause of action for reckless spoliation of evidence.

5. This Court has original subject matter jurisdiction over this civil action pursuant to 28 U.S.C § 1331 (federal question) and 1338(b) (any action asserting claim of unfair competition joined with a substantial and related claim under the trademark law) for the claims arising out of violations of Section 43(a) of the Lanham Act. This Court has supplemental jurisdiction pursuant to 28 U.S.C. § 1367(a) for all other claims asserted in this Complaint because those claims are so closely related to the federal claims asserted herein as to form part of the same case and controversy.

6. Venue is proper in this judicial district because the Defendant has significant business (i.e. law practice) operations or regularly advertise their legal services within the District of Columbia. 28 U.S.C. § 1391.

7. This Court can exercise personal jurisdiction over the Defendant pursuant to § 13-423 of the D.C Superior Court Rules, because it transacts business within the District of Columbia, persistently offers legal services and the Defendant solicits and derives revenue from legal services rendered in the District of Columbia. Specifically, the Defendant maintains a corporate office within the District at 1501 K Street, NW, #600 Washington D.C. 20005 and the unlawful false advertising

and unfair competition conduct complained of here has caused and continues to cause injury to the Defendant within the District, the United States of America as a whole and around with the world.

## FACTUAL BACKGROUND

**Sidley Africa-Asia Pro Bono Program**

8. In September 2013, the Plaintiff received information from the then NYU Law Pro Bono Manager Amy Heading on Pro Bono Opportunities for LLM students interested in International Economic Development and Finance. After, the application, shortlisting and interview processes, the Plaintiff and Mr. Adeolu Sunday were accepted into the Sidley Austin LLP Africa-Asia Agricultural Enterprise Pro Bono Program.

9. From the month of October 2013 to May 2014, the Nigerian Qualified and Licensed Lawyers (the Plaintiff and Mr. Adeolu Sunday) worked alongside the Sidley Austin LLP's Team. Precisely, the Nigerian Qualified and Licensed Legal Practitioners were responsible for representing several Nigerian Agricultural Cooperatives in negotiations with private sector investors for investments in agricultural processing facilities supported by the World Trade Organisation (WTO) Standards and Trade Development Facility and in the regulatory interface processes with the Nigerian Export Promotion Council (NEPC) and Federal Ministry of Agriculture, Nigeria.

***A copy of the e-mails of October 14, 2013 between the Defendant's Director Ronalee Biasca, the Plaintiff and the other Nigerian Qualified Legal Practitioner Mr. Adeolu Sunday on the Pro Bono Sesame and Shea Projects in Nigeria and the attached relevant documentation for the projects – (i) WTO STDF Memorandum of Understanding (ii) Business Plan on Small Scale Cleaning Plant Suitable for Women Co-operative groups.***

10. Specifically, the Plaintiff was responsible for drafting and reviewing some provisions of the legal and financing documentation required for the transaction and also the provision of legal expertise

5

and rendering of opinions on applicable Nigerian regulatory and corporate laws. Notably, he and the other Nigerian Qualified Legal Practitioner and the Sidley Team established the framework agreement(s) for future private-sector investment in facilities of this type that may be located in Africa, Asia and elsewhere.

***The Plaintiff pleads and place full reliance on a copy of the following email correspondences and documents –***

***(a) E-mails of February 9 through February 18, 2014 on various legal issues raised by the Defendant through Mr. Horner and various legal opinions offered by the Nigerian Qualified and Licensed Legal Practitioners Mr. Adeolu Sunday and the Plaintiff.***

***(b) E-mails of March 4, 2014 through March 21, 2014, from the Defendant forwarding Transaction Documents for review and raising further legal issues; as well as the various legal opinions on Nigerian law aspects of the Documentation offered by the Nigerian Qualified and Licensed Legal Practitioners Mr. Adeolu Sunday and the Plaintiff.***

***(c) E-mail of April 10 through April 12, 2014 forwarding the Final Shea Butter/Sesame Transaction Agreements for the current projects and even future Transactions (i) Copies of the finalised Transaction Framework Agreement to be used for current projects and to serve as template for future transactions or projects.***

### Checklist on Best Practices for Securing Land Title in Nigeria and Kenya

11. In addition to the Shea Butter and Sesame Seed Co-operatives Societies Transactions, the Plaintiff and Mr. Adeolu Sunday also worked as Externs alongside Ms. Sarah Coad of Sidley Austin LLP on the conduct of research and the creation of a checklist of information on best practices for securing land title in African countries particularly in Nigeria, Kenya, Tanzania and Zambia. The Nigerian qualified and licensed legal Practitioners were specifically responsible for that of Nigeria,

using a Kenya land title acquisition template, which covered amongst others titling or land registration system(s) in place, the government authority that administers land titling and/or registration, applicable legal scheme and law, ownership and transfer of land etc. The Plaintiff was specifically responsible for this work, given prior experience in real property transactions and practices in Nigeria.

***The Plaintiff pleads and rely on a copy of the following e-mail correspondences and documents –***

    ***(a)    The e-mails of October 23, 2013 through December 19, 2013 on the Pro Bono: Land rights working Group – Checklists between the Defendant's employee (Sarah Coad) and Nigerian Qualified Legal Practitioners Mr. Adeolu Sunday and the Plaintiff.***

    ***(b)    The Kenya Land Rights – Checklist Document (ii) Template Questionnaire for Nigeria Land Rights Checklist Document (iii) Completed Nigeria Land Rights- Checklist Document.***

12. A careful review of the various platforms (internet and firm's documentary newsletters and brochures) where the Sidley's Africa-Asia Pro-Bono Program, have been published or advertised, there is no mention of the names or any form of recognition of the individual Nigerian Qualified and Licensed Legal Practitioners that collaboratively worked on the various projects and made them a tremendous success for Sidley Austin LLP and the third party client(s) involved. All accolades, awards and recognitions went to Mr. Neil Horner and the Defendant.

*A copy of the following Attorney Advertising available at weblink - https://www.sidley.com/en/us/sidley-pages/sidleys-africa-asia-program-continues/ (This weblink was altered/removed sometime in 2023 during the pendency of Civil Action No 22 CV 01791 Ikemefuna Stephen Nwoye v. Barack Hussein Obama and Michelle LaVaughn Robinson*

*Obama at the United States District Court of Southern District of New York)* **(2) https://www.sidley.com/en/us/probonolanding/sidley-emerging-enterprises-pro-bono-program/projects/nigeria-shea/ *(accessed on March 27, 2025) (3) 2014 Law Firm Award: Sidley Austin -* https://wclawyers.org/tag/awards/**

13. It is very important to state that the above-mentioned WTO Standards and Trade Development Facility Transactions in Nigeria were the first and pioneers in Nigeria and Africa. The success of those transactions provided the structure, legal and financing documentation that were used in subsequent projects of similar nature in various countries in Africa by the Defendant. Despite this remarkable success, the Defendant only initially mentioned that they were assisted by two Nigerian legal Practitioners and some other Nigerian lawyer(s)/LLM students surreptitiously took the credit for the work. This initial publication has now been completely removed from Sidley's official website during the pendency of *Civil Action - No 22 CV 01791*. In fact, Mr. Neil Horner now solely, officially, and publicly takes full credit for legal work done under the Sidley's Africa-Asia Pro Bono Project in Nigeria, Ghana and other African countries, in complete disregard of extant laws and regulations on the unauthorised practice of law in Nigeria.

    ***A copy of the Neil E. Horner Sidley's website profile - https://www.sidley.com/en/people/h/horner-neil-e* is hereby pleaded.**

14. During and even after the Externship Program, the Plaintiff at various points received high and very commendable evaluative performance feedback from Mr. Neil Emanuel Horner and Ms. Amy Heading, that his intellectual contributions to the various project(s) are invaluable and that they are satisfied with his dedication and commitment. At a subsequent lunch meeting in May 2014, shortly before the Plaintiff graduated from NYU, Mr. Neil Emanuel Horner informed the Plaintiff that after his NYU International Finance and Development Fellowship at the World Bank, he

8

should inform him, that the Defendant would like to have the Plaintiff on their team, especially given the expanding Africa and Asia practices.

***A copy of the emails of May 7, through May 15, 2014; his Email of May 15, 2014 to employees of the Defendant, particularly to Mr. Neil Emanuel Horner mentioning a subsequent one-on-one meeting, based on their prior discussion and the understanding they both reached is hereby pleaded and shall be relied upon at trial.***

15. It is noteworthy that Sidley's Africa-Asia Pro Bono Program since its inception in 2012, is a major pro-bono program for the law firm, especially during the Presidential Administration of Honorable Barack Hussein Obama. Mr. Neil Emanuel Horner and other employees of the Defendant had specially and at various times during the externship informed the Nigerian Legal Counsel/LL.M Students/Externs that Honourable Barack Hussein Obama (Former President of the United States of America) and Mrs. Michelle LaVaughn Robinson Obama (Former First Lady of the United States of America) are very keen on the program, given that they are alumni of the Defendant and specifically, given the fact that Honourable Barack Hussein Obama (then President of the United States of America) has roots in Africa and Asia; having been born to a Kenyan father and then subsequently spent some of his childhood years in Asia (Jakarta, Indonesia).

16. Sometime in 2014, the Plaintiff and Mr. Neil Emanuel Horner had a private meeting in New York City, in the park/garden close to Sidley's New York office over cups of coffee. They discussed Mr. Horner's trip to Nigeria, future career plans etc. Mr. Horner mentioned the Global Entrepreneurship Summit ('GES') for 2015 coming up in Nairobi, Kenya. He emphasised that it was a major signature engagement by the then President of the United States of America with Africa the continent of his father's birth. He wanted discussions about the 2015 Global Entrepreneurship Summit, on utmost confidentiality and on a strict oral basis, given its sensitive nature and the fact that it was then an ongoing project. Specifically, Mr. Horner mentioned the

priority placed by Honourable Barack Hussein Obama (Former President of the United States of America) on the success of the 2015 Global Entrepreneurship Summit and the proper utilisation of funds made available through it.

*A copy of the E-mail of May 15, 2014, to employees of the Defendant, particularly Mr. Neil Emanuel Horner mentioning a subsequent one-on-one meeting based on their earlier discussion and understanding is pleaded and shall be relied upon during trial.*

17. According to Mr. Neil Emanuel Horner, there are concerns and worries by Honourable Barack Hussein Obama and generally in his then Presidential administration about systemic corruption in Africa and its impact on the US$7Billion Power Africa Initiative aimed at increasing access to electricity and spurring economic growth in Sub-Saharan Africa. Further that these two projects (i.e., the Power Africa Initiative and 2015 Global Entrepreneurship Summit) are topmost on the then US President's to-do list for Africa before he leaves office in 2017.

18. Mr. Neil Emanuel Horner sought to know if there is any Nigerian businessperson from the private sector that readily comes to mind that is not active in the political arena in Nigeria, who can be brought in as the major private sector player for the 2015 Global Entrepreneurship Summit, Nairobi, Kenya; considering that the then President of the United of States of America will be actively involved in the Summit. The Plaintiff mentioned a few names and provided a summary profile of their business and private sector interests, especially in the financial services and major economic sectors. This conversation led to the Plaintiff and Mr. Horner agreeing on Mr. Tony Onyemaechi Elumelu. The decision on Mr. Elumelu was reached after considering his involvement in the Power Africa Initiative through his proprietary investment company Heirs Holdings Limited.

19. After the discussions, Mr. Neil Emanuel Horner thanked the Plaintiff for his invaluable suggestion(s) and promised to communicate this information and his continued invaluable role to

10

his Sidley team and the White House. During several months in 2014, 2015 and 2016, the Plaintiff and Mr. Horner sometime met physically and sometimes over a telephone call, to discuss the project(s) and the Plaintiff's immigration option(s).

20. The Plaintiff's reasonable and legitimate business expectations were that the Defendant and/or Honourable Barack Hussein Obama, the then President of the United States of America would be forthcoming with an invitation for a physical meeting or some form of compensation in the future, especially after the subsequent successful conduct of the 2015 GES. The Plaintiff moved to Washington DC in June 2014 to begin the three (3) months NYU International Finance and Development Fellowship (IFD)/temporary consultancy agreement at the Vice Presidency Legal of the World Bank Group led by the then Vice President Ms. Anne-Marie Leroy. Mr. Ferenc Molnar, Chief Counsel of the Legal Operations Policy of the World Bank as his supervisor and he worked directly under the Governance and Anti-corruption team led by Mr. Frank Anthony Fariello. The Plaintiff soon got very engrossed with work at the Legal Vice President Unit of the World Bank and living in Washington DC.

21. After the Plaintiff completed the IFD fellowship program at the World Bank in August 2014, he contacted the Mr. Neil Emanuel Horner to activate the option of getting an employment offer with the Defendant, both men exchanged email correspondence and also met in New York City. Mr. Horner promised to discuss with his people at the Office and see what they can come up with. Eventually, in early October 2014, he received an invitation for an interview with two partners Mr. Jonathan Nunes and Mr. Kevin Blauch in Sidley Austin LLP's New York City Office.

*A copy of the e-mails of October 1, 2014, with employees of the Defendant is plead and shall be relied upon at trial.*

22. After the interview at the Defendant's Office (New York City), which the Plaintiff believed was a success based on feedback received from the recruiting partners, the Partners advised him to speak

11

with Ms. Eno Usoro (then an Associate) on the demands of an associate position in the structured finance team. But to his greatest consternation, few weeks after the interview, the Plaintiff received a letter of rejection from the Human Resources Department of the Defendant. The Plaintiff mentioned this to Mr. Neil Emanuel Horner, who was shocked and surprised at the development. During a subsequent meeting, they explored several options, and he advised that the Plaintiff give him some time to come up with something. But that he would suggest that in the meantime the Plaintiff expands his search options and that he should set up a plan to pay the balance of the tuition fee owed to New York University (The balance tuition fees (interest inclusive), and every amount owed to New York University were paid in December 2019 and the Plaintiff's received his original LL.M Degree Certificate in early 2020).

23. The Plaintiff had several subsequent discussions and meetings with Mr. Neil Emanuel Horner, but he was told that nothing came through from his Sidley team or importantly Honourable Barack Hussein Obama and Mrs. Michelle LaVaughn Robinson Obama even up until 2017, when they both left the White House as President and First Lady of the United States of America respectively. This was even though the Plaintiff had already set up a tuition balance repayment plan with NYU after re-joining the Ethics and Business Conduct Unit of the World Bank Group under a short-term consultancy employment contract in 2014. The tuition balance and account were subsequently paid off in 2019.

24. From 2013 to 2021, the Plaintiff maintained professional and social contact with Mr. Neil Emanuel Horner and both men exchanged email correspondences. In fact, there were several visits by the Plaintiff to the United States of America in 2016, 2017, 2018 (none in 2019 - 2020 due to the coronavirus pandemic), 2021 and 2022. During some of these visits, the Plaintiff met with Mr. Neil Emanuel Horner and even visited Washington DC. During some of these meetings with Mr. Horner, both men explored the most pragmatic options of making progress in the circumstances

and the pros and cons associated with these options – e.g., visa sponsorship by employer, marriage, etc. It has been over eight (8) years since Honourable Barack Hussein Obama left office as President of the United States of America and there have been a 2+ years litigation that spanned the entire Federal Court System from the Federal District Court, to the Courts of Appeal (Second Circuit) on two appeals and ultimately to the Supreme Court before Certiorari was denied on predominantly common law based claims. It is now obvious and clear that Honourable Barack Hussein Obama and Mrs. Michelle LaVaughn Robinson Obama through the then non-parties Sidley Austin LLP and Mr. Neil Emanuel Horner have fraudulently and surreptitiously obtained the benefits of the Plaintiff's intellectual inputs and efforts in the Africa-Asia Pro Bono Project and in all other three Projects, especially on (i) the advisory work on the legal framework for land tenure in some African countries specifically in Nigeria, (ii) the Power Africa Initiative and (iii) the 2015 Global Entrepreneurship Summit.

25. Apparently, Mr. Neil Emanuel Horner and the Defendant would keep all of the recognitions, benefits, profits (goodwill) and promotion from these ventures for themselves without paying any form of compensation (cash or good paying legal brief(s)) for consultancy and advisory services rendered or recognise the Extern/Nigerian law practitioner (i.e. the Plaintiff) who worked on Sidley Africa-Asia Pro Bono Project, the other three (3) projects and contributed immensely to the success of these projects.

*The Plaintiff pleads and shall at trial rely on the publicly available information on the various fiduciary relationship that existed between the Defendant, Honourable Barack Hussein Obama and Michelle LaVaughn Robinson Obama – (i) Wall Street Journal, Sidley Austin: When Barack Met Michelle Editorial of May 11, 2007 available at https://www.wsj.com/articles/BL-LB-3803 (COMPLETELY REMOVED) (ii) The Washington Post, Law firms dominating campaign contributions to Obama, News Report of November 20, 2011 available at*

*https://www.washingtonpost.com/business/capitalbusiness/law-firms-dominating-campaign-contributions-toobama/2011/11/14/gIQALCo1eN_story.html* **(COMPLETELY REMOVED)**

*(ii) Sidley Austin News - Sidley Defeats Motions Seeking to Block the Obama Presidential Center available at https://www.sidley.com/en/newslanding/newsannouncements/2021/08/sidley-defeats-motions-seeking-to-block-the-obama-presidential-center.* **(COMPLETELY REMOVED)**

**NOTE***: The above weblinks were all available and functional prior to and as at the time the Plaintiff filed a Proposed Amendment to the Complaint in Civil Action No 22 CV 01791 via a MOTION FOR LEAVE TO FILE A SECOND AMENDED COMPLAINT dated February 2, 2023. A copy of the filed Motion Paper and Supporting Affidavit and Exhibit are pleaded and full reliance placed on them.*

26. On a reasonable and legitimate business expectation basis, the Plaintiff is entitled to recognition for his intellectual inputs and efforts as a Nigerian Qualified Legal Practitioner/Extern in the Africa-Asia Pro Bono Program on all firm's publicity and advertisement documents including online platforms. The Plaintiff is also entitled to monetary compensation for the non-recognition and infringing of his intellectual property right due to the Defendant's 'false advertising' after the enormous contributions to the Shea Butter and Sesame Seeds Industries in Nigeria and for the legal advisory services rendered on the framework for land tenure in some African countries.

**Recent Attempt(s) at Mutual Discussion and Mediation of this Civil Claims**

27. On 27th March 2025, few months after a completion of the 2+ years civil litigation proceedings in USA Federal Courts - ***Civil Action No 22 CV 01791 Ikemefuna Stephen Nwoye v. Barack Hussein Obama and Michelle LaVaughn Robinson Obama*** at the United States District Court of Southern District of New York, I wrote a Demand Letter to Sidley Austin LLP pursuant to the

14

statutory exclusive provisions of the Federal Trademark Act of 1946 (Lanham Act) for Unfair Competition and False Advertising with Mr. Neil Emanuel Horner on copy.

***The Plaintiff pleads and place full reliance on a copy of the Demand Letter dated 27th March 2025 to Sidley Austin LLP and copied it to Neil Emanuel Horner.***

28. On April 3, 2025, the Plaintiff received a Response Letter to his Demand Letter from the Office of General Counsel – Sidley Autin LLP. In the said Letter, Sidley Autin LLP vehemently opposed any notion that the Plaintiff has a right under Lanham Act. Surprisingly, the Defendant admitted that even if it omitted the Plaintiff's name as a Foreign (Nigerian) Counsel in the various transactions mentioned, that mere omission is not enough for me to premise a claim on Lanham Act. On April 7th, 2025, the Plaintiff wrote a Reply Letter insisting on the existence of a Federal statutory cause of action pursuant to Lanham Act and also a right to seek redress through other lawful means including, but not limited to reporting to the Attorney Grievance Committee of the State of New York for necessary disciplinary sanctions.

    ***A copy of the Response Letter from Sidley Austin's dated April 3rd, 2025, and my Reply Letter dated April 7th, 2025, to Sidley Austin LLP is hereby pleaded and shall be relied upon at trial.***

29. On April 15, 2025, the Plaintiff received an email from the Office of General Counsel – Sidley Austin LLP communicating the law firm's Response Letter dated April 15, 2025, to the Demand Letters of 27th March and April 7th, 2025. In a reply email, the Plaintiff addressed the issues raised in the Defendant's Letter dated April 15, 2025.

    ***A copy of the Defendant's Response Letter dated April 15, 2025, and his email dated April 15, 2025, in response to the points and legal issues raised therein is hereby pleaded and shall be relied upon at trial.***

## FIRST CLAIM FOR RELIEF

### False Designations of Origin and False Descriptions and Representations Under Section 43(a) of the Lanham Act

30. The Plaintiff hereby incorporates by reference and realleges each and every allegation of Paragraphs 1 through 29 above.

31. The Defendant's action or omission as alleged herein, include but not limited to advertising on its website and various online and print media of the Sidley Africa-Asia Pro Bono Project constitute use of a false designation of origin and misleading description and representation of fact that is likely to cause confusion, mistake or deception as to the affiliation or connection of Defendant and the Plaintiff as to the joint venture and collaboration on the various projects in violation of Section 43(a) of the Lanham Act. 15 U.S.C §1125(a).

32. At all relevant times, the Defendant had actual and direct knowledge of the joint venture and collaboration with the Plaintiff and Mr. Adeolu Sunday on the Sidley Africa-Asia Pro Bono Project and the Checklist of Land Rights in Nigeria and Kenya. Defendant's conduct is therefore willful and reflects Defendants' intent to expropriate and exploit the goodwill and legal services recognition associated with working on such important and development-oriented project in Africa and Asia.

33. The Defendant's wrongful acts and omissions will continue unless enjoined by this Honourable Court.

34. The Defendant's acts have caused and will continue to cause irreparable injury to the Plaintiff professionally and within the business community in Nigeria, Africa, Asia and globally.

## SECOND CLAIM FOR RELIEF

### Reckless Spoliation of Evidence Under D.C Common Law

35. The Plaintiff incorporates by reference and realleges each and every allegation of Paragraph 1 through 34 above.

36. By the acts described above, the Defendant has engaged in deliberate and reckless spoliation of evidence in violation of the common law of the District of Columbia.

37. During the pendency of *Civil Action No 22 CV 01791 Ikemefuna Stephen Nwoye v. Barack Hussein Obama and Michelle LaVaughn Robinson Obama* at the United States District Court of Southern District of New York several relevant and important online media publications were removed or completely taken down.

38. The Defendant is a person of interest who knew and understood the high likelihood of being joined as a party to that civil action. The Defendant has a contractual and legal duty to preserve all relevant evidence in its possession and control.

39. The Defendant took steps to remove or completely alter publication relevant to establish the cause of action in Civil Action 22 CV 01791 and also in this sui generis action premised on Lanham Act. Specifically, the relevant evidences are pleaded at Paragraphs 12 and 25 of this Civil Complaint.

40. The destruction or removal of such important evidence have significantly impaired the ability of the Plaintiff to prove the potential civil action and the connected criminal and regulatory complaint.

41. The Defendant acts have caused and will continue to cause irreparable injury to the Plaintiff.

**WHEREFORE**, the Plaintiff respectfully request that this Court enter –

1. A Judgment that the Defendant Sidley Austin LLP -
    (i)   Has violated Section 43(a) of the Lanham Act, 15 U.S.C § 1125(a); and

17

(ii) has engaged in the unlawful and reckless spoliation of evidence in violation of the common law of the District of Columbia.

2. An injunction permanently enjoining and restraining the Defendant each of its officers, agents, servants, employees and attorneys (previous and present) all those in active concert or participation with it from:

   (i) Engaging in any course of conduct likely to cause deception or mistake or to injure the Plaintiff professional reputation in their joint venture and legal services collaboration, especially as it relates to the Sidley Africa-Asia Pro Bono Project and the Checklist of Land Rights in Nigeria, Kenya (Africa).

   (ii) Making any statement or representation whatsoever or using any false designation of origin or false description of legal services especially on the Nigerian law aspects or performing any act which can or is likely to lead the public or individual members thereof to believe that the legal services rendered was exclusively by the Defendant.

   (iii) Destroying, removing or otherwise dealing with relevant documentary evidence relating to the various legal services rendered under the above-mentioned projects particularly the Sidley Africa-Asia Pro Bono Project, the Checklist of Land Right and Tenure in Africa (Nigeria and Kenya).

3. An Order enjoining the Defendant and their officers, agents, servants, employees and attorneys and all those in active concert or participation with any of them to state the full legal name of the Plaintiff – Ikemefuna Stephen Nwoye as one of the Nigerian qualified and licensed legal practitioner that provided expertise on Nigerian law in all transactions implicated in this civil action.

4. An Order requiring the Defendant to disseminate corrective advertisement that fully acknowledge their violation of the law and the Nigerian law expertise and contribution of the Plaintiff.

5. An Order for the assessment of the Actual Damages suffered by the Plaintiff, trebled and/or an award of 50% of all profits that the Defendant have derived by way of 'corporate social responsibility' and 'business goodwill' using the intellectual property/work product of the Plaintiff in the Sidley Austin Africa-Asia Pro Bon Project and other closed connected transactions.

6. The award of exemplary damages in an amount to be determined by the jury and pre- and post-judgment interest payable at the rate allowable by the law.

7. The award of Plaintiff's costs of litigation and *Pro se'* fee to the full extent provided by law.

## DEMAND FOR JURY TRIAL

Plaintiff Ikemefuna Stephen Nwoye hereby demands a trial by jury on all issues so triable of right.

**Certification and Closing**

Under Federal Rule of Civil Procedure 11, by signing below, I certify to the best of my knowledge, information, and belief that this complaint: (1) is not being presented for an improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation; (2) is supported by existing law or by a non-frivolous argument for extending, modifying, or reversing existing law; (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and (4) the complaint otherwise complies with the requirements of Rule 11.

A. **For Parties Without an Attorney**

I agree to provide the Clerk's Office with any changes to my address where case–related papers may be served. I understand that my failure to keep a current address on file with the Clerk's Office may result in the dismissal of my case.

**Dated: May 5, 2025**

Respectfully submitted,

**Ikemefuna Stephen Nwoye**

**The Plaintiff** (*Pro Se*)

Address at

**NWOYE (Barristers & Solicitors)**

Venia Place – 8 Providence Street

Lekki Phase 1

Lagos State

Nigeria

**United States of America Address** (within the Jurisdiction)

**1802 Vernon Street NW**

**#2373 Washington DC 20009**

Telephone number (mobile)- +1(929) 223 6471

Email addresses – ikemefunaSnwoye@nigerianbar.ng/

i.stephennwoye@gmail.com

20