# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

IKEMEFUNA STEPHEN NWOYE,

        Plaintiff,

    v.

SIDLEY AUSTIN LLP,

        Defendant.

Civil Action No. 1:25-cv-01360-RDM

---

## DEFENDANT'S MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF ITS MOTION FOR SANCTIONS PURSUANT TO FED. R. CIV. P. 11

SIDLEY AUSTIN LLP
Jacquelyn E. Fradette, Bar No. 1034328
jfradette@sidley.com
1501 K Street, N.W.
Washington, District of Columbia 20005
Telephone: (202) 736-8000
Facsimile: (202) 736-8711

Sean A. Commons (*pro hac vice*)
scommons@sidley.com
Collin P. Wedel (*pro hac vice*)
cwedel@sidley.com
350 South Grand Avenue
Los Angeles, CA 90071
Telephone: (213) 896-6000
Facsimile: (213) 896-6600

*Attorneys for Defendant Sidley Austin LLP*

## TABLE OF CONTENTS

Page No.

INTRODUCTION ............................................................................................................ 1

FACTUAL BACKGROUND ........................................................................................... 2

      A.    Plaintiff externed at Sidley through a pro bono law school program over a decade ago. ................................................................................................................ 2

      B.    Plaintiff filed a lawsuit seeking compensation and recognition based on his pro bono externship with Sidley. ............................................................................. 3

      C.    Plaintiff attempted to amend his complaint to pursue claims against Sidley for lack of recognition and loss of opportunities. ...................................................... 4

      D.    Plaintiff's lawsuit and claims against Sidley are dismissed with prejudice. ........... 6

      E.    Plaintiff attempts to extort Sidley before filing this lawsuit. ................................. 8

      F.    Plaintiff has recycled his prior allegations about Sidley in the instant lawsuit. ..... 9

LEGAL STANDARDS .................................................................................................... 9

ARGUMENT ................................................................................................................. 11

I.     Plaintiff's Efforts to Relitigate His Grievances About Sidley's Pro Bono Project Are Categorically Precluded. ................................................................................... 11

II.    Plaintiff Also Brought this Lawsuit for an Improper Purpose. ........................................ 15

CONCLUSION AND RELIEF REQUESTED ............................................................. 16

## <u>TABLE OF AUTHORITIES</u>

**Page(s)**

**Cases**

*Adams v. Fed. Deposit Ins. Corp.*,
 No. CV 16-1977, 2018 WL 4680271 (D.D.C. Sept. 28, 2018) ..............................................14

*Alford v. Providence Hospital*,
 60 F. Supp. 3d 118 (D.D.C. 2014) ......................................................................................12

*Allen v. McCurry*,
 449 U.S. 90 (1980)................................................................................................................13

*Ananiev v. Freitas*,
 37 F. Supp. 3d 297 (D.D.C. 2014) ......................................................................................13

*Apotex, Inc. v. FDA*,
 393 F. 3d 210 (D.C. Cir. 2004) ............................................................................................12

*Baasch v. Reyer*,
 846 F. Supp. 9 (E.D.N.Y. 1994) ..........................................................................................11

*Brannock Assocs., Inc. v. Capitol 801 Corp.*,
 807 F. Supp. 127 (D.D.C. 1992) ..........................................................................................10

*Capitol Hill Grp. v. Pillsbury, Winthrop, Shaw, Pittman, LLC*,
 569 F.3d 485 (D.C. Cir. 2009) ............................................................................................12

*Copple v. Astrella & Rice, P.C.*,
 No. C-05-03961 JWS, 2006 WL 2331005 (N.D. Cal. Aug. 9, 2006).....................................15

*Edwards v. Best Buy Co., Inc.*,
 No. 19-3316 (EGS), 2021 WL 4399562 (D.D.C. Sept. 27, 2021)........................................10

*Federated Dep't Stores, Inc. v. Moitie*,
 452 U.S. 394 (1981)..............................................................................................................14

*U.S. ex rel. Folliard v. Synnex Corp.*,
 798 F. Supp. 2d 66 (D.D.C. 2011) ......................................................................................12

*G.C. & K.B. Investments, Inc. v. Wilson*,
 326 F.3d 1096 (9th Cir. 2003) ............................................................................................15

*\*Herrion v. Children's Hospital Nat'l Med. Ctr.*,
 786 F. Supp. 2d 359 (D.D.C. 2011) ................................................................................13, 14

*Hilton Hotels Corp. v. Banov*,
   899 F.2d 40 (D.C. Cir. 1990) .................................................................................16

*Ass'n of Women with Disabilities Advocating Access ex rel. Jackson v. Mouet*,
   No. 06-CV-02240-JM (LSP), 2007 WL 173959 (S.D. Cal. Jan. 11, 2007) ...........................15

*Lewandowski v. Prop. Clerk*,
   209 F. Supp. 2d 19 (D.D.C. 2002) .................................................................12, 13

*\*Lucky Brand Dungarees, Inc. v. Marcel Fashions Group, Inc.*,
   590 U.S. 405 (2020) ....................................................................................12

*Mann v. Castiel*,
   681 F. 3d 368 (D.C. Cir. 2012) ........................................................................11

*McLaughlin v. Bradlee*,
   599 F. Supp. 839 (D.D.C. 1984) .......................................................................13

*McLaughlin v. Bradlee*,
   602 F. Supp. 1412 (D.D.C. 1985) .....................................................................10

*McLaughlin v. Bradlee*,
   803 F.2d 1197 (D.C. Cir. 1986) ...................................................................10, 15

*Nwoye v. Obama*,
   Case 22-1253, 2023 WL 382950 (2d Cir. Jan. 25, 2023) ...............................................4

*Nwoye v. Obama*,
   Case 23-1178, 2024 WL 911753 (2d Cir. Mar. 4, 2024) ................................................8

*Patterson v. Aiken*,
   841 F. 2d 386 (11th Cir. 1988) ........................................................................16

*Potter v. Toei Animation Inc.*,
   839 F. Supp. 2d 49 (D.D.C. 2012) .....................................................................14

*Ramey v. Potomac Elec. Power Co.*,
   580 F. Supp. 2d 48 (D.D.C. 2008) .....................................................................11

*\*Reynolds v. U.S. Capitol Police Bd.*,
   357 F. Supp. 2d 19 (D.D.C. 2004) .....................................................................10

*\*Smalls v. U.S.*,
   471 F. 3d 186 (D.C. Cir. 2006) ...................................................................11, 14

*Smith v. Ricks*,
   31 F.3d 1478 (9th Cir. 1994) .........................................................................15

*Son Ly v. Solin, Inc.*,
  910 F. Supp. 2d 22 (D.D.C. 2012) ..................................................................9

*Spence v. United States Dep't of Veterans Affs.*,
  109 F.4th 531 (D.C. Cir. 2024) ....................................................................11

*\*Taylor v. Sturgell*,
  553 U.S. 880 (2008) .....................................................................................11

*Thompson v. RelationServe Media, Inc.*,
  610 F.3d 628 (11th Cir. 2010) .....................................................................15

*U.S. Indus., Inc. v. Blake Const. Co.*,
  765 F.2d 195 (D.C. Cir. 1985) .....................................................................11

*Walsh v. Bank of Am. NA*,
  113 F. Supp. 3d 108 (D.D.C. 2015) .............................................................14

*\*Westmoreland v. CBS, Inc.*,
  770 F.2d 1168 (D.C. Cir. 1985) ...................................................................10

*Williams v. Romarm S.A.*,
  No. 19-cv-183 (EGS), 2020 WL 1557156 (D.D.C. April 1, 2020) ..............10

**Statutes and Rules**

15 U.S.C. § 1051 ....................................................................................1, 8, 9, 13

18 U.S.C. § 873 .................................................................................................16

*\*Fed. R. Civ. P. 11* ................................................................................*passim*

Fed. R. Civ. P. 12 ..............................................................................................14

Defendant Sidley Austin LLP ("Sidley") respectfully submits this Memorandum of Law in Support of its Motion for Sanctions Pursuant to Rule 11 of the Federal Rules of Civil Procedure ("Rule 11") against Plaintiff Ikemefuna Stephen Nwoye.

## **INTRODUCTION**

Rule 11 exists for cases like this one. Plaintiff is a pro se legal practitioner asserting frivolous claims for an improper purpose. Dismissal and sanctions are warranted.

More than a decade ago, Plaintiff externed at Sidley as part of a pro bono program offered through his law school to help emerging businesses in developing countries. In an earlier iteration of this lawsuit, Plaintiff alleged (among other things) that Sidley conspired with former President Barack Obama and former First Lady Michelle Obama to deprive him of media recognition for that pro bono work. A District Court in the Southern District of New York dismissed those claims, expressly rejecting Plaintiff's request to join Sidley as a defendant as meritless and futile. That judgment became final on October 7, 2024.

Having lost in one forum, Plaintiff wants to relitigate the exact same grievances—*i.e.*, that Sidley should have publicly recognized his pro bono work as a law student. This lawsuit is squarely foreclosed by the doctrine of res judicata. It does not matter that Plaintiff has repackaged his original allegations as Lanham Act violations and purported spoliation. This lawsuit arises from the same transactions and common nucleus of operative facts as his prior suit, and thus is barred under settled claim preclusion jurisprudence. Plaintiff's attempt to circumvent a final order through forum shopping is sanctionable.

Plaintiff also has pursued these claims for an improper purpose. Forum shopping to pursue frivolous claims alone establishes an improper purpose. In addition, before filing this action, Plaintiff demanded Sidley pay him millions of dollars or else he would lodge complaints

with law enforcement agencies, state bar associations, and regulatory authorities. Since filing this action, he has demanded Sidley pay millions of dollars to withdraw those extra-judicial complaints. Such attempted extortion further supports a finding of improper purpose.

In short, Rule 11 sanctions are warranted. Sidley explained why this lawsuit would be meritless, reminded Plaintiff that extortion is illegal, and advised him that it would seek sanctions. Plaintiff filed anyway, has refused to withdraw his complaint, and instead attempted to take a meritless default. This Court should dismiss Plaintiff's Complaint with prejudice and impose monetary sanctions of no less than $15,000.

## FACTUAL BACKGROUND

### A.    Plaintiff externed at Sidley through a pro bono law school program over a decade ago.

Plaintiff is a Nigerian lawyer who operates a Nigerian law practice from within the District of Columbia. *See* Dkt. 11 at 14 ¶ 3[1]; Dkt. 13 at 8 ¶ 14 (admitting Plaintiff "owns and is the lead Partner of the Nigerian law firm of NWOYE (Barristers & Solicitors) an unregistered partnership law firm"); Nwoye (Barristers & Solicitors), https://www.nwoyelegal.com/about (Plaintiff calling his practice an "unregistered partnership law firm").

Between roughly October 2013 and May 2014, Plaintiff participated in a program through his law school that allowed students to work alongside Sidley lawyers on pro bono projects to support emerging enterprises in Africa (called the Africa-Asia Agricultural Enterprise Pro Bono Program). Compl. ¶¶ 8–9. After law school and an internship (not with Sidley), Plaintiff was disappointed Sidley declined to offer him an associate position. *Id.* ¶ 22. He also was disappointed that Barack and Michelle Obama, and Sidley, did not publicly acknowledge or

---

[1] Unless otherwise noted, citations are to the pagination applied by the ECF system. All citations to Exhibits are to the Declaration of Sean A. Commons ("Commons Decl.").

compensate his supposed pro bono contributions, such as in webpages that describe Sidley's Africa-Asia Agricultural Enterprise Pro Bono Program. *See* Compl. ¶¶ 15–20, 23.

### B. Plaintiff filed a lawsuit seeking compensation and recognition based on his pro bono externship with Sidley.

In 2022, Plaintiff filed a complaint in the Southern District of New York, naming as defendants former President Barack Obama and former First Lady Michelle Obama (the "Obamas"). From the outset, and throughout that litigation, he alleged that the Obamas, "through their agents the law firm of Messrs[.] Sidley Austin LLP," recruited Plaintiff and other NYU LLM students to be externs in Sidley's Africa-Asia Pro Bono Program, but then failed to adequately recognize those externs' work with a job offer at Sidley or provide other compensation. *See, e.g.*, *Nwoye v. Obama* ("*Nwoye I*"), 22-cv-01791, Dkt. 7 at "Preliminary Statement" & ¶¶ 43, 45 (S.D.N.Y. March 3, 2022) (**Ex. 1**).[2] Plaintiff's claims in that suit revolved around his participation in pro bono projects alongside Sidley lawyers between October 2013 and May 2014, claiming he was owed payment or "recognition". *Nwoye I*, Dkt. 7 at ¶¶ 8, 24–25 (**Ex. 1**). The gist was that the Obamas used Sidley to recruit LLM student externs—such as Plaintiff—to perform uncompensated extern work on pro bono projects.

Plaintiff complained that there was "no mention of [his] name or even recognition" on Sidley's "various platforms" that afforded him credit for having "worked on [the program] and made it a success" as a result of his "vital and invaluable intellectual contributions." *Id.* ¶¶ 14, 30. According to Plaintiff, he was "entitled to recognition for his intellectual inputs and efforts … on all [of the] firm's publicity and advertisement documents[,] including online platforms." *Id.* ¶ 25. He alleged that he "reasonably expected to receive compensation from [the Obamas]

---

[2] Plaintiff inadvertently omitted several pages when filing the original complaint, Dkt. 4, hence Defendant cites the first complete version at Dkt. 7.

directly or through Messrs. Sidley Austin LLP for his" various "consultancy and business advisory services." *Id.* ¶ 45. In addition to seeking $365 million in damages, Plaintiff sought a declaration that "Messrs. Sidley Austin LLP … state the full name of the Plaintiff … on all promotional and advertising brochures online and documentary." *Id.*, Prayer C.

Plaintiff attempted to take a default against the Obamas; it was rejected due to defective service. *See Nwoye I*, Dkt. 15 at 3 (**Ex. 2**, the docket). Plaintiff then sought *ex parte* relief, twice, to secure defaults. Dkts. 16, 17 (**Ex. 2**). In one such application, he reiterated that Sidley "recruited" him to assist on projects, yet never paid for his "consultancy services" or gave him "full and proper recognition for work done." *Id.*, Dkt. 16 at 6–7 (**Ex. 3**). The Court responded by dismissing his case as frivolous. *Id.*, Dkt. 18 at 2 (**Ex. 4**) (ruling "it lacks an arguable basis either in law or in fact") (cleaned up).

Plaintiff appealed. No defendant responded. *See Nwoye v. Obama*, Case 22-1253, Dkt. 33 (June 23, 2022). Plaintiff continued to allege that Sidley "recruited" him to assist on pro bono projects in 2013 and 2014 for which he never received compensation or recognition. *Id.*, Dkt. 57 at 11–12, 14–15 (**Ex. 5**). The Second Circuit rejected Plaintiff's requests that the district court and magistrate be forced to recuse. *Nwoye v. Obama*, Case 22-1253, 2023 WL 382950, at *1 (2d Cir. Jan. 25, 2023). It also affirmed that district courts can dispose of frivolous claims sua sponte. But it remanded because Plaintiff had not received "notice and an opportunity to be heard," noting an order to show cause will typically suffice before dismissal with prejudice. *Id.* at *2.

### C.    Plaintiff attempted to amend his complaint to pursue claims against Sidley for lack of recognition and loss of opportunities.

On remand, the district court issued an order to "show cause as to why the case should not be dismissed as frivolous or for failure to state a claim …." *Nwoye I*, Dkt. 21 at 2 (**Ex. 6**). Plaintiff responded by filing, among other things, a motion to amend. *Id.*, Dkts. 22, 25 (**Ex. 2**).

He "sought the joining of Messrs. Sidley Austin LLP," which "at all material times to facts relevant in this dispute was the intermediary or agent or contact or transacting party," purportedly giving rise to "causes of action" against Sidley "recogni[z]ed by law and equity …." *Id.*, Dkt. 23 at 6, ¶ 17 (**Ex. 7**). The proposed amended complaint repeated the allegations from the original complaint, along with emails and other materials that Plaintiff intended to rely upon in the event of trial. *See generally id.* at 8–36 (showing changes in bold and underline).

Plaintiff contended "**Sidley**" had "**the main role**" in "all" of the "transactions implicated in this lawsuit." *Nwoye I*, Dkt. 24 at 7, ¶ 4 (emphasis in original) (**Ex. 8**). He described those transactions as "built" upon his work "collaborating" with Sidley on the pro bono program. *Id.*, Dkt. 25 at 8, ¶ 7 (**Ex. 9**). He framed "the <u>foundation of the dispute</u>" as revolving around his allegations of "unjust enrichment" by Sidley "given [his] intellectual contributions" to pro bono programs "with no recognition." *Id.* at 12, ¶ 16 (emphasis in original). Plaintiff believed Sidley "<u>**particularly**</u>" needed to recognize him in "all promotional and advertising brochures online and documentary." *Id.*, Dkt. 23 at 30, ¶ 43 & 35, Prayer C (emphasis in original) (**Ex. 7**); *see also id.*, Dkt. 25 at 4–5, Introduction (seeking "full and proper recognition" for "legal advisory" and "consultancy services") (**Ex. 9**). He accused Sidley of engaging "in a <u>clear and continuous</u> breach of [his] intellectual property rights" by promoting pro bono programs without crediting Plaintiff by name. *Id.*, Dkt. 25 at 12, ¶ 16 (emphasis in original; citing a Sidley website as an example) (**Ex. 9**); *see also, e.g.*, *id.*, Dkt. 23 at 34, Prayer A (alleging "<u>**continuing**</u> infringement of his intellectual property right") (emphasis in original) (**Ex. 7**).

Relying on allegations about Sidley, Plaintiff insisted that he should be allowed to proceed with that lawsuit, even if his claims against the Obamas failed. *Nwoye I*, Dkt. 25, ¶¶ 8, 17 (**Ex. 9**). The court then issued a second order to show cause. *Id.*, Dkt. 30 (**Ex. 2**). In response,

Plaintiff argued his claims against Sidley "hinged on getting full and proper recognition and compensation for Sidley Austin LLP[']s <u>used</u> [SIC] <u>and continued use</u> of [the pro bono project] on its website." *Id.*, Dkt. 31 at 10–11, ¶ 23 (emphasis in original) (**Ex. 10**). Plaintiff noted that he could no longer find one of the Sidley webpages referenced in his complaint, *id.* at 11, n.4, but described Sidley as engaged in a "continuing wrong" and reiterated that he wanted millions of dollars, including for "loss of professional opportunities … as a result of the non-recognition of his individual contributions," *id.* at 11, ¶ 25 & n.3. In the alternative, Plaintiff argued the statute of limitations began running in November 2016, the date he allegedly last met with a Sidley attorney to discuss "varied issues." *Id.* at 12, ¶ 28.

### D.    Plaintiff's lawsuit and claims against Sidley are dismissed with prejudice

A magistrate judge initially considered Plaintiff's responses to the orders to show cause, recognizing that Plaintiff sought pay and recognition for work as an "extern" in Sidley's pro bono program. *Nwoye I*, Dkt. 32 at 1 ("recognition in Sidley's promotional materials") (**Ex. 11**). The magistrate judge rejected Plaintiff's request for leniency as a pro per plaintiff in light of his LLM and status as a Nigerian legal practitioner. *Id.* at 9–10. The magistrate judge denied leave to amend to assert claims against Sidley as futile, except as to a breach of contract claim "if [Plaintiff] c[ould] in good faith cure the defects of that claim." *Id.* at 1, 15, 28, 35.

Plaintiff objected to the magistrate judge's ruling. *Id.*, Dkt. 33 (**Ex. 12**). He accused the magistrate judge of mischaracterizing his allegations against Sidley, which he described as "actually a claim seeking compensation for the continuing breach **(since 2014 to date)** of [his] intellectual property rights" for work performed "alongside" Sidley lawyers on a pro bono project. *Id.* at 4, ¶ 9 (emphasis in original).

The District Court adopted the magistrate judge's recommendation with one notable exception: it dismissed the *entire action* "with prejudice and without leave to file an amended

complaint." *Nwoye I*, Dkt. 34 at 4 ("While the R&R recommended granting Plaintiff leave to amend to assert a breach of contract claim against Sidley, the Court declines to do so.") (**Ex. 13**). The District Court declined to permit Plaintiff leave to pursue claims against Sidley, noting that "Plaintiff has not alleged any facts that would allow the Court plausibly to infer that Sidley made any binding promise to Plaintiff concerning future employment, compensation for work performed during the externship, *or recognition for intellectual work product contributed to the projects on which Plaintiff worked as an extern*," and concluding that "none of the three complaints he has filed or has proposed to file has stated a viable claim. Accordingly, the Court finds that granting Plaintiff a fourth bite at the apple would be futile and waste judicial resources …." *Id.* at 4–5 (emphasis added). Later the same day, the Court entered a judgment memorializing that it dismissed Plaintiff's complaint "with prejudice and without leave to file an amended complaint." *Id.*, Dkt. 35 (**Ex. 14**).

Plaintiff appealed to the Second Circuit. *Nwoye I*, Dkt. 36 (**Ex. 2**). Plaintiff rehashed the same theories and allegations in an effort to secure millions in compensatory damages as well as recognition for work on a pro bono project alongside Sidley. *See, e.g.*, *Nwoye v. Obama*, Case 23-1178, Dkt. 27 at 25, 27–28 & nn.5–6 (2nd Cir. Sept. 8, 2023) (summarizing his claims as "anchored on rendering of professional legal services as an extern … in the Sidley Austin Pro Bono Project" and "hinged" on "<u>continued</u>" promotion on Sidley's website) (emphasis in original) (**Ex. 15**). The Second Circuit even permitted oral argument.[3] It was unpersuaded. It held Plaintiff is not entitled to "special solicitude" as a pro se litigant, that he failed to state a claim against Sidley "based on legal and consulting work [he] performed through a pro bono

---

[3] *Available at* https://ww3.ca2.uscourts.gov/oral_arguments.html.

externship," and that amendment would be futile. *Nwoye v. Obama*, Case 23-1178, 2024 WL 911753, at *1 (2d Cir. Mar. 4, 2024).

Plaintiff filed a petition for a writ of certiorari to the Supreme Court. *Nwoye v. Obama*, Case 23-1262, Dkt. 1 (S. Ct. May 30, 2024). The Supreme Court was equally unpersuaded by his theories about an alleged lack of compensation or a "mention[] [of] Petitioner's contributions" to a pro bono project. *Id.* at 16 (**Ex. 16**). It denied certiorari on October 7, 2024.

**E.    Plaintiff attempts to extort Sidley before filing this lawsuit.**

Having exhausted his efforts to add Sidley in *Nwoye I*, Plaintiff decided to start over with this suit to achieve the exact outcome the U.S. District Court for the Southern District of New York had rejected—to pursue claims against Sidley. On March 27, 2025, Plaintiff sent a demand letter to Sidley raising the same grievances from *Nwoye I*, namely that he did not receive sufficient credit for his work on transactions relating to the Africa-Asia Pro Bono Program. **Ex. 17**. This time, Plaintiff framed his allegations as Lanham Act violations. *Id.* Plaintiff demanded that Sidley: (1) immediately implement a "corrective attorney advertisement;" (2) tender an "Official Apology Letter" for failure to obey US laws and requirements of "legal business ethics and international best practices;" and (3) "[p]ay **Ten (10)** Million United States Dollars to me as damages for the infringement of my rights to proper and fair business practices and dealing; and for the unrecognition of my intellectual property contribution to those projects in Africa and Asia." *Id.* (emphasis in original). Plaintiff concluded with the extortionary threat that, if Sidley failed to meet all of his demands, he would report Sidley to law enforcement and regulatory authorities. *Id.*

Sidley responded on April 3, 2025, informing Plaintiff that his demands constituted extortion and that the threatened Lanham Act claim was subject to claim preclusion and frivolous on the merits. **Ex. 18**. The parties exchanged further letters on April 7, 2025, and on April 15,

2025, which concluded with Sidley's reminder that Plaintiff's demands were extortionate and that any attempt to file a lawsuit based on this same set of facts would be frivolous and subject to sanctions under Rule 11. **Exs. 19–20.** Plaintiff nonetheless followed through on his extortionary threats and filed this suit. Commons Decl. ¶ 21.

### F.    Plaintiff has recycled his prior allegations about Sidley in the instant lawsuit.

Plaintiff filed this action on May 5, 2025. His complaint relies on the same set of facts as *Nwoye I*. Indeed, many of the allegations in the Complaint were lifted in whole or substantial part from pleadings and briefs in *Nwoye I*. *See* **Ex. 21** (providing side-by-side comparisons). Plaintiff continues to allege that, while an extern at Sidley from October 2013 to May 2014, he assisted with the Africa-Asia Pro Bono Program and is "entitled to recognition" and financial compensation. Complaint ("Compl.") at 1–2, 5. This time, however, Plaintiff asserts a false advertising claim under Section 43(a) of the Lanham Act because Sidley's marketing mentioned its lawyers' contributions to the program, but not Plaintiff's contributions, and a spoliation claim because—as Plaintiff noted in *Nwoye I*, Dkt. 31 at 11, n.4 (**Ex. 10**)—Sidley removed one webpage about the pro bono program from Sidley's website that Plaintiff believes supports his Lanham Act claim, Compl. at 16–17. Plaintiff seeks a declaratory judgment, including that Sidley issue corrective advertising, as well as damages for any "profits" Sidley derived by his contributions to the pro bono project. *Id.* at 17–19.

### LEGAL STANDARDS

Federal Rule of Civil Procedure Rule 11 "protect[s] the Court from frivolous and baseless filings that are not well grounded, legally untenable, or brought with the purpose of vexatiously multiplying the proceedings." *Son Ly v. Solin, Inc.*, 910 F. Supp. 2d 22, 31 (D.D.C. 2012) (internal citations omitted). Sanctions are warranted where a pleading is "(1) not well grounded in fact; (2) not warranted by existing law or good faith argument for the extension, modification,

or reversal of existing law; or (3) interposed for any improper purpose such as harassment or delay." *Westmoreland v. CBS, Inc.*, 770 F.2d 1168, 1174 (D.C. Cir. 1985). "The test under Rule 11 is an objective one: that is, whether a reasonable inquiry would have revealed that there was no basis in law or fact for the asserted claim." *Reynolds v. U.S. Capitol Police Bd.*, 357 F. Supp. 2d 19, 23 (D.D.C. 2004).

"[W]hen preclusion doctrine clearly forecloses consideration of the merits, the groundlessness of the litigation or the bad faith in which it was brought may become especially apparent." *McLaughlin v. Bradlee*, 803 F.2d 1197, 1205 (D.C. Cir. 1986) (internal citations omitted). Courts regularly impose Rule 11 sanctions against parties who pursue complaints barred by res judicata or claim preclusion. *See, e.g.*, *Edwards v. Best Buy Co., Inc.*, No. 19-3316 (EGS), 2021 WL 4399562, at *6 (D.D.C. Sept. 27, 2021) (awarding attorneys' fees as Rule 11 sanction because even a pro se litigant should know that "repeat[ing]" allegations "is improper and amounts to harassment"); *Williams v. Romarm S.A.*, No. 19-cv-183 (EGS), 2020 WL 1557156, at *5–9 (D.D.C. April 1, 2020) (imposing financial penalty under Rule 11 sua sponte for claims foreclosed by res judicata); *Brannock Assocs., Inc. v. Capitol 801 Corp.*, 807 F. Supp. 127, 133–35 (D.D.C. 1992) (imposing Rule 11 sanctions because party "should have realized that its claim against [defendant] was barred"); *Reynolds*, 357 F. Supp. 2d at 24 (awarding Rule 11 sanctions for duplicative litigation); *McLaughlin v. Bradlee*, 602 F. Supp. 1412, 1417 (D.D.C. 1985) ("It is especially appropriate to impose sanctions in situations where the doctrines of *res judicata* and collateral estoppel plainly preclude relitigation of the suit.").

While courts may grant certain pro se litigants leniency, that deference does not extend to plaintiffs who, like Mr. Nwoye, are "trained in the law," Fed. R. Civ. P. 11 Adv. Comm. Notes (1993), nor to plaintiffs who, like Mr. Nwoye, have actual notice of the frivolousness of their

claims. *See Nwoye I*, Dkt. 32 at 9–10 (declining to grant Plaintiff leniency in light of his LLM and status as a Nigerian legal practitioner) (**Ex. 11**); *Spence v. United States Dep't of Veterans Affs.*, 109 F.4th 531, 538 (D.C. Cir. 2024) ("The requirement that courts construe pro se pleadings liberally does not ordinarily apply to pro se lawyers."); *Mann v. Castiel*, 681 F. 3d 368, 377 (D.C. Cir. 2012) (declining to extend leniency to pro se litigant who "had formal legal training"); *Baasch v. Reyer*, 846 F. Supp. 9, 11 (E.D.N.Y. 1994) (imposing Rule 11 sanctions against pro se plaintiff).

## ARGUMENT

I.    **Plaintiff's Efforts to Relitigate His Grievances About Sidley's Pro Bono Project Are Categorically Precluded.**

"The preclusive effect of a judgment is defined by claim preclusion and issue preclusion, which are collectively referred to as 'res judicata.'" *Taylor v. Sturgell*, 553 U.S. 880, 892 (2008); *Ramey v. Potomac Elec. Power Co.*, 580 F. Supp. 2d 48, 50 (D.D.C. 2008) ("[T]he doctrine of claim preclusion [is] sometimes known as *res judicata.*"). "By precluding parties from contesting matters that they have had a full and fair opportunity to litigate, these two doctrines protect against the expense and vexation attending multiple lawsuits, conserve judicial resources, and foster reliance on judicial action by minimizing the possibility of inconsistent decisions." *Taylor*, 553 U.S. at 892 (quoting *Montana v. United States*, 440 U.S. 147, 153–154 (1979) (cleaned up)). These doctrines reflect the requirement that a plaintiff must "present in one suit all the claims for relief that he may have arising out of the same transaction or occurrence." *U.S. Indus., Inc. v. Blake Const. Co.*, 765 F.2d 195, 205 (D.C. Cir. 1985). Claim preclusion applies when, as here, four factors are met: (1) the prior litigation involved the same claims or cause of action; (2) the same parties were involved; (3) there was a final judgment on the merits; and (4) the judgment was by a court of competent jurisdiction. *See Smalls v. U.S.*, 471 F. 3d 186, 192 (D.C. Cir. 2006).

11

*First*, "[s]uits involve the same claim . . . when they aris[e] from the same transaction, or involve a common nucleus of operative facts." *Lucky Brand Dungarees, Inc. v. Marcel Fashions Group, Inc.*, 590 U.S. 405, 412 (2020) (internal citations omitted). In particular, "claim preclusion bars subsequent complaints arising from the same set of facts, even if the complaints bring claims under different statutes, or different legal theories." *Alford v. Providence Hospital*, 60 F. Supp. 3d 118, 125 (D.D.C. 2014). It "prevents parties from raising issues that could have been raised and decided in a prior action—even if they were not actually litigated." *Lucky Brand*, 590 U.S. at 412; *accord U.S. ex rel. Folliard v. Synnex Corp.*, 798 F. Supp. 2d 66, 77–78 (D.D.C. 2011) (dismissing second suit asserting new claims about different contracts as barred by res judicata because plaintiff could have raised in the first suit); *Lewandowski v. Prop. Clerk*, 209 F. Supp. 2d 19, 23 (D.D.C. 2002); *Capitol Hill Grp. v. Pillsbury, Winthrop, Shaw, Pittman, LLC*, 569 F.3d 485, 490 (D.C. Cir. 2009) ("[I]t is the facts surrounding the transaction or occurrence which operate to constitute the cause of action, not the legal theory on which a litigant relies."); *Apotex, Inc. v. FDA*, 393 F. 3d 210, 217–18 (D.C. Cir. 2004) ("There are no new facts. [Plaintiff] is simply raising a new legal theory. This is precisely what is barred by *res judicata*.").

Here, Plaintiff's latest Complaint arises out of the exact same transactions and nucleus of facts as *Nwoye I*. Both lawsuits revolve around a Sidley pro bono project in 2013 and 2014, and Sidley's website/marketing about that pro bono program. Plaintiff's core allegations remain unchanged, including for instance:

| *Nwoye I*, Compl., Dkt. No. 7 at ¶ 25. | Compl. ¶ 26. |
| --- | --- |
| Plaintiff is entitled to recognition for his intellectual inputs and efforts as a Nigerian Legal Practitioner in the Sidley Austin LLP Africa-Asia Pro Bono Program on all firm's publicity and advertisement documents | Plaintiff is entitled to recognition for his intellectual inputs and efforts as a Nigerian Qualified Legal Practitioner/Extern in the Africa-Asia Pro Bono Program on all firm's publicity and advertisement |

| including online platforms. | documents including online platforms. |

*See also, e.g.*, **Ex. 21** (containing additional side-by-side comparisons).

Plaintiff's efforts to reframe those same grievances under new legal theories do not avoid claim preclusion. Plaintiff certainly could have asserted his Lanham Act and spoliation claims in *Nwoye I*. Just as he does now, Plaintiff asserted in *Nwoye I* that Sidley had unfairly benefited from his work, failed to acknowledge his contributions, and had removed the very webpage he now contends was spoliated.

*Second*, claim preclusion bars later suits against the same parties or their privies. *See Allen v. McCurry*, 449 U.S. 90, 94 (1980). "Courts have long held that 'parties nominally different may be, in legal effect, the same'" for purposes of claim preclusion. *Lewandowski*, 209 F. Supp. 2d at 22. Among other things, preclusion applies when, according to a plaintiff's own allegations, a defendant named in a later suit was in privity, had a close relationship, or conspired with a defendant in an earlier action. *See, e.g.*, *Ananiev v. Freitas*, 37 F. Supp. 3d 297, 310 (D.D.C. 2014) (recognizing preclusion extends to defendants with a close or significant relationship with prior defendants); *McLaughlin v. Bradlee*, 599 F. Supp. 839, 848 (D.D.C. 1984) (applying claim preclusion because defendants in second suit were "closely related" to those in the first and "allegedly involved in the same conspiracy").

Here, the parties are the same. Plaintiff named Sidley as a defendant in his proposed amended complaint in *Nwoye I* and always characterized Sidley as an "agent" of the Obamas. *See, e.g.*, *Nwoye I*, Dkt. 7 at "Preliminary Statement" & ¶¶ 43, 45 (**Ex. 1**). According to Plaintiff, Sidley "at all material times to facts relevant in this dispute was the intermediary or agent or contact or transacting party" for the Obamas. *Id.*, Dkt. No. 23 at 6, ¶ 17 (**Ex. 7**). Those allegations alone suffice to establish this element. *See Herrion v. Children's Hospital Nat'l Med. Ctr.*, 786 F. Supp. 2d 359, 371 (D.D.C. 2011) ("[C]ourts have consistently held that *res judicata*

applies to bar later suits against the principal or the agent where a final judgment has been rendered in a prior action involving the other party to the agency relationship and the two actions share a common nucleus of fact."). When seeking leave to add Sidley as a defendant in *Nwoye I*, Plaintiff even characterized Sidley as a "necessary party" on the premise that Sidley played "the main role" in causing all of Plaintiff's harms. *Id.*, Dkt. 24 at 7, ¶ 4 (**Ex. 8**). In other words, in *Nwoye I*, Plaintiff himself treated Sidley as in privity with the Obamas, preventing him from arguing that Sidley does not fall within the scope of claim preclusion. As Plaintiff made clear in *Nwoye I*, all of his claims against the Obamas were premised on their purported principal-agent relationship with Sidley and on Sidley's purported conduct.

*Third*, there was a valid and final judgment on the merits in *Nwoye I*. "[F]or claim preclusion purposes, a dismissal with prejudice constitutes a final judgment on the merits." *Adams v. Fed. Deposit Ins. Corp.*, No. CV 16-1977, 2018 WL 4680271, at *2 (D.D.C. Sept. 28, 2018) (citing *Ciralsky v. C.I.A.*, 355 F.3d 661, 669–70 (D.C. Cir. 2004)); *see also Federated Dep't Stores, Inc. v. Moitie*, 452 U.S. 394, 399 n.3 (1981) (recognizing that "dismissal for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6) is a 'judgment on the merits.'"); *Walsh v. Bank of Am. NA*, 113 F. Supp. 3d 108, 114 (D.D.C. 2015) (claim preclusion barred subsequent suit on same issues where prior claims were dismissed with prejudice at pleading stage); *Potter v. Toei Animation Inc.*, 839 F. Supp. 2d 49, 56 (D.D.C. 2012) (similar). The district court in *Nwoye I* denied leave to file a second amended complaint, dismissed the first amended complaint with prejudice, and entered a judgment. *Nwoye I*, Dkts. 34–35 (**Exs. 13–14**).

*Fourth*, and finally, the U.S. District Court for the Southern District of New York is a court of competent jurisdiction. *See Smalls*, 471 F.3d at 192 (observing that an Article III court is a court of competent jurisdiction for purposes of *res judicata*). Plaintiff's Complaint thus is

14

barred by claim preclusion. Plaintiff was advised about the applicability of claim preclusion, yet proceeded to bring and maintain this lawsuit. *See* Commons Decl., Exs. 18, 20. Even if Plaintiff has not brought this lawsuit as part of an extortionate scheme, he cannot avoid "the sting of Rule 11 sanctions by operating under the guise of a pure heart and empty head." *Smith v. Ricks*, 31 F.3d 1478, 1488 (9th Cir. 1994); *see Ass'n of Women with Disabilities Advocating Access ex rel. Jackson v. Mouet*, No. 06-CV-02240-JM (LSP), 2007 WL 173959, at *6-7 (S.D. Cal. Jan. 11, 2007) (awarding attorneys' fees and issuing an order to show cause as to why sanctions should not be imposed for filing a baseless complaint where "a simple inquiry would have demonstrated that fact"); *Copple v. Astrella & Rice, P.C.*, No. C-05-03961 JWS, 2006 WL 2331005, at *2 (N.D. Cal. Aug. 9, 2006) (awarding sanctions due to lack of "sufficient credible information (as opposed to opinions or conclusions) from whatever source to enable [him] to form a reasonable belief that the allegations . . . were well grounded in fact").

## II. Plaintiff Also Brought this Lawsuit for an Improper Purpose.

Given the overlap between *Nwoye I* and this action, and the parties' pre-suit correspondence, the Court also can award sanctions on the ground that Plaintiff filed this lawsuit for an improper purpose. Fed. R. Civ. P. 11(b)(1). The sole ground Plaintiff has advanced for avoiding claim preclusion is the addition of new legal theories. The lack of a colorable basis for avoiding claim preclusion alone supports an inference of bad faith or an intent to harass. *See McLaughlin*, 803 F.2d at 1205 (recognizing bad faith or intent to harass can be found "when preclusion doctrine clearly forecloses consideration of the merits"); *Thompson v. RelationServe Media, Inc.*, 610 F.3d 628, 665-66 (11th Cir. 2010) (finding improper purpose under Rule 11 may be "inferred from excessive persistence in pursuing a claim or defense in the face of repeated adverse rulings" and "motive to harass can also be inferred from an attorney's filing of factually or legally frivolous claims") (cleaned up); *G.C. & K.B. Investments, Inc. v. Wilson*, 326

15

F.3d 1096, 1110 (9th Cir. 2003) (reiterating that, "[w]ithout question, successive complaints based upon propositions of law previously rejected may constitute harassment under Rule 11." (citations omitted)). The grounds for finding an improper purpose is heightened here because, both before and since filing suit, Plaintiff has attempted to extort money by threatening to bring and maintain extra-judicial complaints before law enforcement and regulatory authorities unless paid millions of dollars for his claims. *See* Commons Decl. ¶¶ 21–22 & Exs. 17, 19; 18 U.S.C. § 873.

## CONCLUSION AND RELIEF REQUESTED

Sanctions under Rule 11 are more than warranted on this record here. The Court has discretion to "tailor Rule 11 sanctions as appropriate to the facts of the case," striking a balance between equity, deterrence, and compensation. *Hilton Hotels Corp. v. Banov*, 899 F.2d 40, 46 (D.C. Cir. 1990). Sidley submits that a sanction of $15,000 is appropriate to offset a portion of the fees incurred in defending this suit. *See Patterson v. Aiken*, 841 F. 2d 386, 387–88 (11th Cir. 1988) (holding *pro se* litigant liable for attorneys' fees under Rule 11 after filing a second action based on claims previously dismissed as frivolous); Commons Decl. ¶ 22.

Dated: July 22, 2025

Respectfully Submitted,

SIDLEY AUSTIN LLP

By: _____

Jacquelyn E. Fradette, Bar No. 1034328
jfradette@sidley.com
1501 K Street, N.W.
Washington, District of Columbia 20005
Telephone: (202) 736-8000
Facsimile: (202) 736-8711

Sean A. Commons (*pro hac vice*)
scommons@sidley.com
Colin P. Wedel (*pro hac vice*)
cwedel@sidley.com

350 South Grand Avenue
Los Angeles, CA 90071
Telephone: (213) 896-6000
Facsimile: (213) 896-6600

*Counsel for Defendant Sidley Austin LLP*

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that I electronically filed the foregoing with the Clerk of the Court for the

United States District Court for the District of Columbia by using the court's CM/ECF system on

July 22, 2025. I certify that service will be accomplished by the court's CM/ECF system for

registered participants and via U.S. Mail to the following:

Ikemefuna Stephen Nwoye
1930 18th Street NW
Suite B2
Washington, DC 20009
Telephone: (929) 223-6471

*Pro Se Plaintiff*

*/s/ Jacquelyn E. Fradette*
Jacquelyn E. Fradette